IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 1:05cv70-T |
| LARRY A. BAXTER; ANITA DAWKINS; | ) | (WO) |
| and BAXTER AND ASSOCIATES OFFICE | ) | |
| OF ACCOUNTANCY, P.C., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**Permanent Injunction**

Plaintiff, the United States of America, has filed a Complaint for Permanent Injunction against the defendant, Anita Dawkins. Dawkins does not admit or deny the allegations of the Complaint. By her Consent, which is filed concurrently, Dawkins has waived the entry of findings of fact and conclusions of law, and consents to entry of this Permanent Injunction.

NOW, THEREFORE, it is accordingly ORDERED, ADJUDGED AND DECREED that:

1. The Court has jurisdiction over this action under 28 U.S.C. §§ 1340 and 1345 and under 26 U.S.C. §§ 7402(a), 7407, and 7408.

2. The Court finds that Dawkins has neither admitted nor denied the United States' allegations that she has engaged in conduct that is subject to penalty under §§ 6694, 6695, and 6701 of the Internal Revenue Code and that interferes with the enforcement of the internal revenue laws.

3. Dawkins is ENJOINED under 26 U.S.C. §§ 7402, 7407, and 7408 from:

   a.. preparing or helping to prepare federal tax returns (or other documents to be filed with the IRS) for others;

   b. engaging in any activity subject to penalty under 26 U.S.C. §§ 6694, 6695, or 6701;

   c. engaging in conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws; and

   d. misrepresenting any of the terms of this permanent injunction.

4. It is further ORDERED, ADJUDGED AND DECREED that the United States may engage in post-judgment discovery to monitor compliance with this injunction, and this Court shall retain jurisdiction of this action for the purpose of implementing and enforcing this Final Judgment and all additional decrees and orders necessary and appropriate to the public interest.

There being no just reason for delay, the Clerk is directed to enter this Final Judgment forthwith.

DONE, this the 23rd day of May, 2005.

                               /s/ Myron H. Thompson
                            UNITED STATES DISTRICT JUDGE